IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSHUA LAMBERT                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 5:20-cv-216 KS-MTP

FEDERAL EXPRESS CORPORATION
AND JOHN DOES 1 AND 2                                                                     DEFENDANTS

**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, WESTERN DIVISION

Hon. Dustin R. Bairfield
301 South First Street, Room 205
Brookhaven, MS 39601

LINCOLN COUNTY CIRCUIT CLERK

Edwin L. Bean, Jr., Esq.
Post Office Box 1322
McComb, MS 39649

ATTORNEY FOR PLAINTIFF

PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("Defendant"), without waiving and subject to all of its defenses, hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of Lincoln County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division. As grounds for this removal, Defendant states as follows:

1.      This action was commenced on or about October 7, 2020, by the filing of a Complaint in the Circuit Court of Lincoln County, Mississippi captioned *Joshua Lambert v. Federal Express Corporation and John Does 1 and 2*, Civil Action No. CI2020-0449-LS (the "State Court Action"). Copies of all process, pleadings and orders served on

Defendant are attached to this Notice of Removal as collective Exhibit A, and are incorporated herein by reference.

2. Defendant Federal Express Corporation was putatively served with process on or about November 4, 2020.

3. No Defendant was putatively served with process in this matter greater than 30-days from the date on which this case is being removed. Accordingly, this Notice of Removal is timely filed within 30-days of receipt of the pleading from which Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b). Such removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("we …interpret [28 U.S.C.] § 1446(b) to permit each defendant thirty days in which to seek removal").

4. This Action is one of a civil nature, wherein the United States District Court for the Southern District of Mississippi, Western Division, has jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District Court for the Southern District of Mississippi because the Circuit Court of Lincoln County, Mississippi, where this suit was originally filed, is within said District. 28 U.S.C. §§ 1441(a), 1446(a).

6. The allegations in Plaintiff's Complaint are centered upon an accident, which purportedly occurred in Lincoln County, Mississippi. According to the Complaint, Joshua Lambert "has and will sustain pass [sic], present, and future mental and physical

pain and suffering; past, present, and future medical expenses; loss wages, and property damage" as a result of the aforementioned accident.

7. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Lincoln County, Mississippi.

### Diversity Jurisdiction

8. According to Plaintiff's Complaint, Plaintiff Joshua Lambert is a citizen of the State of Mississippi (*Id.* at ¶ I.).

9. Defendant Federal Express Corporation is a Corporation organized under the laws of Delaware, with its principal place of business in Tennessee. Therefore, Defendant Federal Express Corporation is not a citizen of the State of Mississippi for diversity jurisdiction purposes

10. Plaintiff alleges that John Does 1 and 2 are presently unknown to the Plaintiff. John Doe defendants are fictitious defendants. The "citizenship of defendants sued under fictitious names [is] disregarded" for the purposes of removal. 28 U.S.C. § 1441(a); *Doleac ex rel Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) (same).

11. Thus, the controversy in said suit is now and at the time of the commencement was, and at all times has been, a controversy between citizens of different states.  There is, therefore, complete diversity of citizenship between Plaintiff and Defendant.

12. In the Fifth Circuit, when pleadings do not demand a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Gebbia v. Wal-Mart Stores, Inc.*,

233 F.3d 880, 882-83 (5th Cir. 2000). The defendant may either show the court that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum, or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A No. 1:12CV141-LG-JMR, 2012 U.S. Dist. LEXIS 99478, *4 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).

13.  This district court may use its common sense and compare the claims and alleged damages made here with similar ones made in other actions to determine whether the amount in controversy is met. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (finding amount in controversy exceeded when plaintiff pleaded less than $50,000 in damages by considering "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance").

14.  Though Plaintiff does not quantify the amount of damages sought in his Complaint, Plaintiff claims that he "has and will sustain pass [sic], present, and future mental and physical pain and suffering; past, present, and future medical expenses; loss wages, and property damage" resulting from a motor vehicle accident on June 22, 2020, in Lincoln County, Mississippi. *See* Compl. at ¶ IV.

15.  Plaintiff also claims that he is entitled to punitive damages as a result of Defendant's conduct. *Id.* at ¶ V.  Where a complaint, as here, seeks an unspecified amount in punitive damages, the claims for punitive damages are included in calculating the amount in controversy for purposes of determining if the jurisdictional amount is satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th

Cir. 1998); *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 564, 567 (S.D. Miss. 2010). The Fifth Circuit and the federal district courts of Mississippi have recognized that punitive damages awards in Mississippi routinely exceed the jurisdictional threshold. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "common sense" dictated a finding that plaintiffs would likely collect more than jurisdictional minimum if successful in collecting punitive damages); *Arnold v. State Farm Fire & Cas., Co.*, 277 F.3d 772, 775 n.3 (5th Cir. 2001); *Conner v. First Family Fin. Servs., Inc.*, 2002 U.S. Dist. LEXIS 22878, *28 (N.D. Miss. Aug. 28, 2002); *Henley v. Pioneer Credit Co.*, 2002 U.S. Dist. LEXIS 25592, *11 (N.D. Miss. April 11, 2002); *see also Montgomery v. First Family Fin. Serv., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002). Accordingly, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Henley*, 2002 U.S. Dist. LEXIS 25592 at *11(opinion denying multi-plaintiffs' motion to remand based on allegations of complaint alleging, among other things, counts of misrepresentation and negligence against defendant and unspecified claims for punitive damages) (citing *St. Paul Reinsurance Co., Ltd.,* 134 F.3d at 1255; *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998); *Sun Life Assur. Co. of Canada (U.S.) v. Fairely*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007); *Allstate Ins. Co. v. Hilbun,* 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

16.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2)

improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim upon which relief can be granted; (7) failure to join an indispensable party(ies); (8) statute of limitations as a bar; (9) untimely service; or (10) any other pertinent defense available under Mississippi or Federal Rules of Civil Procedure 12, any state or federal statute, or otherwise.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Lincoln County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted, this the 3rd day of December, 2020.

FEDERAL EXPRESS CORPORATION

By: s/ Arthur D. Spratlin, Jr.
ARTHUR D. SPRATLIN, JR., MB No. 9035

ONE OF ITS ATTORNEYS

OF COUNSEL:

Arthur D. Spratlin, Jr. (MB# 9035)
Keishunna R. Webster (MB# 102498)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel:  601-985-4568 (ADS)
Tel:  601-985-4500 (KRW)
Fax: 601-985-4500
art.spratlin@butlersnow.com
keishunna.webster@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Arthur D. Spratlin, Jr., one of the attorneys for Defendant, electronically filed the foregoing Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

Edwin L. Bean, Jr., Esq.
Post Office Box 1322
McComb, MS 39649

ATTORNEY FOR PLAINTIFF

And by U. S. Mail, postage prepaid, to:

Hon. Dustin R. Bairfield
301 South First Street, Room 205
Brookhaven, MS 39601

LINCOLN COUNTY CIRCUIT CLERK

This the 3rd day of December, 2020.

                                          s/ Arthur D. Spratlin, Jr.
                                          ARTHUR D. SPRATLIN, JR.